**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MINDY JAYE ZIED-CAMPBELL,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION 1:04-CV-0026** |
| | : | |
| v. | : | **(Chief Judge Kane)** |
| | : | |
| **ESTELLE RICHMAN, Secretary Pennsylvania Department of Public Welfare; FREDERICK LANDAU, Director of York County Assistance Office; DOES 1-25; and STEPHANIE LUDWIG, Supervisor of York County Assistance Office,** | : : : : : : : : | |
| | : | |
| **Defendants.** | : | |

## ORDER

Before the Court is Plaintiff Mindy Jaye Zied-Campbell's "motion to address a portion of this courts order of 3/30/2007, which was not presented by her court appointed counsel," (Doc. No. 90), which the Court has construed as a motion for reconsideration. In the motion, Plaintiff seeks leave to address a potion of this Court's March 2007 opinion referencing Lavine v. Milne, 424 U.S. 577, 585 n.9 (1976). (See Doc. No. 84, at 19.)[1] She suggests that this issue was not

---

[1] In full, the paragraph to which Plaintiff refers is:
> Moreover, unlike Lane [v. Tennessee], the case at bar does not implicate a fundamental constitutional right. See Lavine v. Milne, 424 U.S. 577, 585 n.9 (1976) ("Welfare benefits are not a fundamental right, and neither the State nor Federal Government is under any sort of constitutional obligation to guarantee minimum levels of support."). A state's due process obligation to provide meaningful access to the courts, addressed in Lane, is distinguishable from the wide latitude a state enjoys in equal protection cases not involving a suspect classification or a fundamental right. See Garrett, 531 U.S. at 367 (under rational basis, the burden is on the Plaintiff to show that there is no conceivable set of facts that could provide a

fully explored by her former attorney, and indicates that she would "appreciate the opportunity to address this particular paragraph contained in that ORDER." (Doc. No. 90, at 1-2.)

A motion for reconsideration may not be "used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." United States v. Wieder, No. 3:05-CR-165, 2007 WL 2743734, at *1 (M.D. Pa. Sept. 18, 2007) (quoting Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). Instead, a motion for reconsideration serves the narrow purpose of correcting "manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). The Third Circuit has explained "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Here, Plaintiff has articulated no legitimate basis for reconsidering the abovementioned portion of the Court's March 2007 opinion. While the Court appreciates Plaintiff's desire to more fully explore the topics addressed in the paragraph at issue, this desire is not a sufficient basis to grant her motion for reconsideration. Moreover, the Court notes that Plaintiff has already had two opportunities to present her arguments related to Lavine to this Court – first when opposing the motion for judgment on the pleadings, and next when briefing her objections

---

rational basis for the state's actions).
(Doc. No. 84, at 19.)

to the report and recommendation issued by Magistrate Judge Blewitt.  See McDowell Oil Serv., Inc. v. Interstate Fire and Cas. Co., 817 F. Supp. 538, 541 (M.D. Pa. 1993) (noting that a motion for reconsideration is not a mechanism by which an aggrieved party may "put forward additional arguments it could have made but neglected to make before judgment.").

**AND NOW**, this 26th day of February, 2008, **IT IS HEREBY ORDERED THAT** Plaintiff's "motion to address a portion of this courts order of 3/30/07, which was not presented by her court appointed counsel" (Doc. No. 90) is **DENIED**.


                                             S/ Yvette Kane
                                             Yvette Kane, Chief Judge
                                             United States District Court
                                             Middle District of Pennsylvania