IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MINDY JAYE ZIED-CAMPBELL,** | : | |
| | : | |
| **Plaintiff** | : | CIVIL ACTION 1:04-CV-0026 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **ESTELLE RICHMAN, Secretary** | : | |
| **Pennsylvania Department of Public** | : | |
| **Welfare; FREDERICK LANDAU,** | : | |
| **Director of York County Assistance** | : | |
| **Office; DOES 1-25; and STEPHANIE** | : | |
| **LUDWIG, Supervisor of York County** | : | |
| **Assistance Office,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Before the Court are Plaintiff Mindy Jaye Zied-Campbell's motion for reconsideration of the Court's February 26, 2008, order denying without prejudice her previous motions[1] for failure to comply with the Local Rules and to renew the arguments advanced in her request[2] for emergency relief (Doc. No. 103), and Defendants' brief in opposition thereto (Doc. No. 110). In its previous order, the Court denied without prejudice several of Plaintiff's motions on the grounds that she had not complied with the Local Rules.[3] (Doc. No. 101.) The Court directed Plaintiff to review the Local Rules, particularly Local Rule 7.1, which sets forth the components

---

[1] (Doc. Nos. 92, 94, & 95.)

[2] (Doc. No. 98.)

[3] Plaintiff's earlier request for emergency relief (Doc. No. 103), while it, too, failed to conform with the Local Rules, was denied on the grounds that her complaints were not appropriately considered as part of the instant suit. (Doc. No. 102, at 2) ("In the motion now before the Court, Plaintiff alludes to statutory and constitutional violations occurring in 2007 that are unrelated to the matters at issue in the above-captioned action.").

of a properly filed motion, and Local Rule 7.5, which establishes the requirement that, except in circumstances not applicable here, a motion must be followed within ten (10) days by a brief in support thereof.  Rather than complying with the rules and following this Court's order, Plaintiff submitted another noncomplying and unsupported motion: the motion lacks a certificate of concurrence or a proposed form order (or orders), and no brief in support of the motion was ever filed.  In her motion, Plaintiff reasons that the Local Rules do not – or should not – apply to her.  The Court is unpersuaded by Plaintiff's arguments because, as Defendants point out, "from [Plaintiff's] motion, it appears that her failure to abide by the local rules is prompted, not by her inability to understand or comply with them, but because she disagrees with them."  (Doc. No. 110, at 8.)

Plaintiff is again directed to review the Local Rules and to make a good faith attempt to follow them.[4]  Any motion filed by the Plaintiff must comply with Local Rule 7.1: it must be in writing and be accompanied with a certificate of concurrence and a proposed order (or orders) which, if the motion were granted, would provide Plaintiff with the relief that she seeks.  See M.D. Pa. L.R. 7.1.  Insofar as Plaintiff finds it difficult to confer with opposing counsel on the telephone to ascertain whether Defendants will concur in a motion that she intends to file, Plaintiff is invited and encouraged to use alternative means of communication, such as mail or email.  To the extent that Plaintiff requests alternative forms of relief in any given motion and finds it complicated to draft a single proposed form order that would grant her all the relief she seeks (see Doc. No. 103, at 10), Plaintiff may choose to attach more than one proposed order as

---

[4] In particular, Plaintiff must review the rules governing pretrial motions, see M.D. Pa. L.R. 7.1-7.10.

long as the proposed orders, in the aggregate, amount to "a form of order which, if approved by the court, would grant the relief sought in the motion." See M.D. Pa. L.R. 7.1.  Finally, if Plaintiff files a motion for which a brief in support must be filed – which is for all but three types of motions, see M.D. Pa. L.R. 7.5 – then she must submit an appropriate brief in support with the motion or within ten (10) days of the motion's filing, unless the Court instructs otherwise.  M.D. Pa. L.R. 1.3 & 7.5; see also M.D. Pa. L.R. 5.1(h) ("Each motion and each brief shall be a separate document.").

Also before the Court is Plaintiff's "motion to strike defendants' second opposition brief as being untimely filed and redundant."  (Doc. No. 111.)  Because Plaintiff never filed a brief in support of her motion, as required by Local Rule 7.5, Defendant's obligation to file a brief in opposition was not triggered, see M.D. Pa. L.R. 7.6.

**AND NOW**, this 22nd day of April, 2008, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (Doc. No. 103) is **DENIED**.  Plaintiff is advised that the Court will not entertain another motion to reconsider its February 26, 2008, order requiring compliance with the Local Rules (Doc. No. 101), and will not entertain a motion to reconsider this order.  Should Plaintiff wish to renew any arguments raised in her original motions that were denied without prejudice (Doc. Nos. 92, 94, & 95), she is directed to file a motion or motions conforming with the Local Rules no later than Friday, May 2, 2008, and she is instructed to submit briefs supporting said motion(s) no later than Friday, May 16, 2008.

**IT IS FURTHER ORDERED THAT** Plaintiff's motion to strike (Doc. No. 111) is **DENIED**.

Finally, the Court notes that Plaintiff's obligation to file objections to Magistrate Judge

Blewitt's August 6, 2007, Report and Recommendation has been stayed.  (See Doc. No. 107.) The Court will issue a briefing schedule for objections to the Report and Recommendation by way of a separate order.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania